| | |
|---|---|
| 1 | **THOMAS J. DALY, CA Bar No. 119684** |
| | thomas.daly@cph.com |
| 2 | **G. WARREN BLEEKER, CA Bar No. 210834** |
| | warren.bleeker@cph.com@cph.com |
| 3 | **DUSTIN R. SZAKALSKI, CA Bar No. 280726** |
| | dustin.szakalski@cph.com |
| 4 | **CHRISTIE, PARKER & HALE, LLP** |
| | **655 N. Central Avenue, Suite 2300** |
| 5 | **Glendale, California 91203-1445** |
| | **Telephone: (626) 795-9900** |
| 6 | **Facsimile: (626) 577-8800** |
| 7 | Attorneys for Plaintiff, |
| | Merit Healthcare International, Inc., dba Merit Pharmaceutical |
| 8 | |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MERIT HEALTHCARE INTERNATIONAL, INC., DBA MERIT PHARMACEUTICAL, a California corporation, | Case No. 2:14-cv-04280 |
| | **COMPLAINT FOR TRADEMARK CANCELLATION AND DECLARATORY JUDGMENT** |
| Plaintiff, | |
| vs. | |
| MERIT MEDICAL SYSTEMS, INC., a Utah corporation, | **DEMAND FOR JURY TRIAL** |
| Defendant. | |

Plaintiff, Merit Healthcare International, Inc., dba Merit Pharmaceutical ("Plaintiff") or ("Merit Pharmaceutical") files its complaint against Merit Medical Systems, Inc. ("Merit Medical") or ("Defendant"), and alleges as follows:

### JURISDICTION AND VENUE

1. This is an action for trademark cancellation under the Trademark Act, Title 15 U.S.C. §§ 1052(a), 1052(d), and 1064(3), and for declaratory relief under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

2. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338 in that this

-1-

Complaint raises federal questions arising under the Lanham Act, 15 U.S.C. § 1051 et seq.

3. This Court has personal jurisdiction over the Defendant at least for the reason that Defendant has, upon information and belief, sold products that are the subject of this action in this District.

4. Venue in this District is proper pursuant to 28 U.S.C. §§ 1391(b) and (c) because a substantial part of the events giving rise to Plaintiff's claims occurred in this District and Defendant is subject to personal jurisdiction in this District.

## PARTIES

5. Plaintiff Merit Healthcare International, Inc., dba Merit Pharmaceutical is a California corporation having a principal place of business at 2611 San Fernando Road, Los Angeles, California 90065.

6. Plaintiff alleges, on information and belief, that Defendant Merit Medical is a Utah corporation with a principal place of business at 1600 West Merit Parkway, South Jordan, Utah 84095. Plaintiff further alleges on information and belief that Defendant conducts business in this District and within the State of California, including at least via its interactive website, www.merit.com.

## FACTUAL BACKGROUND

7. Merit Pharmaceutical has been continuously engaged in the distribution and sale of a variety of professional healthcare products, including pharmaceutical and related medical devices and products, such as syringes, intravenous administration devices, and various intravenous therapy items, since 1977.

8. Merit Pharmaceutical has continuously and extensively used in commerce the mark MERIT in connection with its professional healthcare products since 1977. Accordingly, Merit Pharmaceutical has obtained common

law rights in the MERIT mark for use in connection with professional healthcare products, including syringes, intravenous administration devices, and various intravenous therapy items.

9. Merit Pharmaceutical, through the continuous use and promotion of its MERIT mark over a long period of time and by virtue of the quality of goods sold under this mark, has established valuable goodwill and reputation in connection with the MERIT mark.

10. On April 22, 2013, Plaintiff filed U.S. Trademark Application No. 85/910,467 ("the '467 Application") for MERITPHLO. A true and correct copy of the '467 Application is attached herein as Exhibit 1.

11. On January 21, 2014, Plaintiff filed U.S. Trademark Application No. 86/170,810 ("the '810 Application") for MERITAPE. A true and correct copy of the '810 Application is attached herein as Exhibit 2.

12. On January 21, 2014, Plaintiff filed U.S. Trademark Application No. 86/170,803 ("the '803 Application") for MERITDERM. A true and correct copy of the '803 Application is attached herein as Exhibit 3.

13. On October 4, 2013, Plaintiff filed U.S. Trademark Application No. 86/083,470 ("the '470 Application") for MERITCATH. A true and correct copy of the '470 Application is attached herein as Exhibit 4.

14. On November 4, 2013, Plaintiff filed U.S. Trademark Application No. 86/109,483 ("the '483 Application") for MERITSET. A true and correct copy of the '483 Application is attached herein as Exhibit 5.

15. Upon information and belief, Defendant is the owner of United States Trademark Registration No. 1,526,710 for MERIT for "medical devices, namely, coronary control syringes and intravenous fluid delivery components" in International Class 010, with a filing date of July 11, 1988, a registration date of February 28, 1989, and an alleged date of first use in commerce of March 28, 1988 ("the '710 Registration"). A copy of the '710 Registration is attached

CHRISTIE, PARKER & HALE, LLP

herein as Exhibit 6.

16. Upon information and belief, Defendant is the owner of United States Trademark Registration No. 4,413,590 for MERIT MEDICAL for "House mark for catheters, guidewires, syringes and medical accessories used therewith in the fields of cardiology, radiology, surgery, oncology and endoscopy" in International Class 10, with a filing date December 12, 2012, a registration date of October 8, 2013, and an alleged date of first use in commerce of March 28, 1988 ("the '590 registration"). A copy of the '590 Registration is attached herein as Exhibit 7.

17. Upon information and belief, Defendant is the owner of United States Trademark Registration No. 3,314,740 for MERIT ADVANCE for "Medical devices, namely, angiographic needles" in International Class 10, with a filing date July 7, 2006, a registration date of October 16, 2007, and an alleged date of first use in commerce of November 1, 2006 ("the '740 registration"). A copy of the '740 Registration is attached herein as Exhibit 8.

18. Upon information and belief, Defendant is the owner of United States Trademark Registration No. 3,203,573 for MERIT H2O for "Medical products, namely, guide wires" in International Class 10, with a filing date August 5, 2005, a registration date of January 30, 2007, and an alleged date of first use in commerce of November 30, 2003 ("the '573 registration"). A copy of the '573 Registration is attached herein as Exhibit 9.

19. Upon information and belief, Defendant is the owner of United States Trademark Registration No. 3,933,405 for MERIT MEDICAL ENDOTEK for "Medical devices and accessories used in interventional procedures, namely, stents, stent delivery devices, catheters, balloon inflation devices used in medical procedures, hydrophilic and non-hydrophilic guide wires to track catheters, and devices for sizing stents in the airway" in International Class 10, with a filing date October 30, 2009, a registration date of March 22, 2011, and an alleged date of

1  first use in commerce of July 3, 2009 ("the '405 registration").  A copy of the '405 Registration is attached herein as Exhibit 10.

20.    Upon information and belief, Defendant is the owner of United States Trademark Registration No. 3,846,054 for MERIT LAUREATE for "Medical devices, namely, hydrophilic guide wires for use in radiology, cardiology, and endovascular surgical procedures" in International Class 10, with a filing date April 6, 2009, a registration date of September 7, 2010, and an alleged date of first use in commerce of May 11, 2010 ("the '054 registration"). A copy of the '054 Registration is attached herein as Exhibit 11.

21.    Upon information and belief, Defendant is the owner of United States Trademark Registration No. 3,709,826 for MERIT MAESTRO for "Medical devices, namely, micro catheters" in International Class 10, with a filing date July 7, 2008, a registration date of November 10, 2009, and an alleged date of first use in commerce of September 1, 2009 ("the '826 registration"). A copy of the '826 Registration is attached herein as Exhibit 12.

22.    Upon information and belief, Defendant is the owner of United States Trademark Registration No. 1,808,408 for MERITRANS for "Medical devices; namely, blood-pressure transducers" in International Class 10, with a filing date July 31, 1991, a registration date of November 30, 1993, and an alleged date of first use in commerce of March 8, 1993 ("the '408 registration"). A copy of the '408 Registration is attached herein as Exhibit 13.

23.    Defendant's '710 and '590 registrations were cited by the United States Patent and Trademark Office ("USPTO") as reasons to deny approval of Plaintiff's '467 Application for MERITPHLO under Lanham Act § 2(d) (15 U.S.C. § 1052(d)).

24.    Defendant's '590 registration was cited by the United States Patent and Trademark Office ("USPTO") as reasons to deny approval of Plaintiff's '810 Application for MERITAPE under Lanham Act § 2(d) (15 U.S.C. § 1052(d)).

CHRISTIE, PARKER & HALE, LLP

25. Defendant's '590 registration was cited by the United States Patent and Trademark Office ("USPTO") as reasons to deny approval of Plaintiff's '803 Application for MERITDERM under Lanham Act § 2(d) (15 U.S.C. § 1052(d)).

26. Defendant's '710, '590, '740, '573, '405, '054, '826, and '408 registrations were cited by the United States Patent and Trademark Office ("USPTO") as reasons to deny approval of Plaintiff's '470 Application for MERITCATH under Lanham Act § 2(d) (15 U.S.C. § 1052(d)).

27. Defendant's '710, '590, '740, '573, '405, '054, '826, and '408 registrations were cited by the United States Patent and Trademark Office ("USPTO") as reasons to deny approval of Plaintiff's '483 Application for MERITSET under Lanham Act § 2(d) (15 U.S.C. § 1052(d)).

28. On May 7, 2014, counsel for Plaintiff Merit Pharmaceutical sent Defendant a letter describing Plaintiff's continuous and extensive use of the MERIT mark in connection with the distribution and sale of pharmaceuticals, including pharmaceuticals for intravenous delivery, since at least November 1977. In the letter, counsel for Plaintiff also requested that Defendant enter into a coexistence agreement with Plaintiff. A true and correct copy of the letter is attached herein as Exhibit 14.

29. On May 12, 2014, counsel for Plaintiff spoke via telephone with a representative of Defendant, Delos Larson, regarding the possibility of entering into a coexistence agreement. During the telephone call, Mr. Larson would not agree, and expressed doubt that Defendant would consent to Plaintiff's continued use of the MERIT mark in connection with professional healthcare products.

30. On May 14, 2014, Mr. Larson sent counsel for Plaintiff an email questioning the accuracy of Plaintiff's date of first use of the MERIT mark in connection with intravenous devices.

31. Thus, despite Plaintiff's attempts to resolve these trademark priority issues and consequently potential infringement issues, Defendant has not agreed,

CHRISTIE, PARKER & HALE, LLP

and based on their recent actions, appear unwilling to consent to Plaintiff's continued use of MERIT in connection with professional healthcare products. Defendant's refusal to consent to Plaintiff's use of MERIT creates a justiciable case and controversy. A cloud has now been placed over Plaintiff's continued use of its MERIT mark. Plaintiff has a reasonable apprehension that Defendant will assert that Plaintiff's use of its MERIT mark infringes one or more of Defendant's claimed trademark rights. The fact that Defendant has not consented to Plaintiff's continued use and the fact that Defendant has now questioned Plaintiff's evidence of prior use, creates a cloud of controversy regarding this trademark infringement issue. Without relief from the Court, Plaintiff would risk being sued for trademark infringement by Defendant or would be forced to stop using its MERIT mark and thus lose the substantial goodwill developed over the many years of use. It is therefore appropriate for the Court to exercise its discretion under the Declaratory Judgment Act and declare that Plaintiff's use of its MERIT mark does not infringe any of Defendant's Registrations or other asserted rights.

32. On June 2, 2014, Plaintiff filed Combined Petitions for Cancellation with the USPTO seeking cancellation of Defendant's '710 and '590 registrations.

## COUNT 1

## (DECLARATORY JUDGMENT OF NON-INFRINGEMENT)

33. Plaintiff repeats, realleges, and incorporates by reference the allegations of Paragraphs 1-32 of this Complaint as though set forth here.

34. Since long before Defendant's asserted dates of first use of Defendant's Registrations, Plaintiff has continuously and extensively used in interstate commerce the mark MERIT in connection with its professional healthcare products, including pharmaceutical and related medical devices and products.

35. Accordingly, because Plaintiff is the senior user of the MERIT mark,

CHRISTIE, PARKER & HALE, LLP

Plaintiff is entitled to a declaratory judgment that its use of the MERIT mark does not violate Section 32 or Section 43(a) of the Lanham Act, nor does it constitute unfair competition or trademark infringement under the common law of any state in the United States.

36. Upon information and belief, a justiciable case and controversy exists. A cloud has now been placed over Plaintiff's continued use of its MERIT mark. Plaintiff has a reasonable apprehension that Defendant will assert that Plaintiff's use of its MERIT mark infringes one or more of Defendant's claimed trademark rights. The fact that Defendant has not consented to Plaintiff's continued use and the fact that Defendant has now questioned Plaintiff's evidence of prior use, creates a cloud of controversy regarding this trademark infringement issue. Without relief from the Court, Plaintiff would risk being sued for trademark infringement by Defendant or would be forced to stop using its MERIT mark and thus lose the substantial goodwill developed over the many years of use. It is therefore appropriate for the Court to exercise its discretion under the Declaratory Judgment Act and declare that Plaintiff's use of its MERIT mark does not infringe any of Defendant's Registrations or other asserted rights.

## COUNT 2

### (CANCELLATION FOR FRAUD)

37. Plaintiff repeats, realleges, and incorporates by reference the allegations of Paragraphs 1-32 of this Complaint as though set forth here.

38. On information and belief, Defendant or its agent made false representations of material facts to the United States Patent and Trademark Office ("USPTO") during the prosecution of the applications that resulted in the '710, '590, '740, '573, '405, '054, '826, and '408 Registrations (collectively, "Defendant's Registrations") that Defendant knew or should have known were false.

39. On information and belief, the fraud was committed when the

CHRISTIE, PARKER & HALE, LLP

Defendant filed the required Statement of Use for Defendant's Registrations alleging that it was using the subject mark of Defendant's Registrations on all of the goods identified in each of the corresponding applications when Defendant knew or should have known it was not using the mark in association with all of the goods.

40.   On information and belief, Defendant or its agent made the above-identified false statements with the intent to induce the USPTO to grant Defendant's Registrations, and that the USPTO, incorrectly relying upon the assumed truth of these false material statements, did in fact grant Defendant's Registrations.

41.   The above-described acts of Defendant or its agent constitute fraudulent procurement of Defendant's Registrations under Lanham Act § 14 (3) (15 U.S.C. § 1064(3)) and/or Lanham Act § 33 (b)(1) (15 U.S.C. § 1115(b)(1)).

42.   Plaintiff has been and will continue to be damaged by the continued registration of Defendant's Registrations, which have barred Plaintiff from registering its MERITPHLO, MERITAPE, MERITDERM, MERITCATH, and MERITSET marks.

## COUNT 3

### (CANCELLATION FOR FALSELY SUGGESTING A CONNECTION WITH PLAINTIFF)

43.   Plaintiff repeats, realleges, and incorporates by reference the allegations of Paragraphs 1-32 of this Complaint as though set forth here.

44.   The goods covered by Defendant's Registrations, including intravenous fluid delivery components and catheters, are identical or closely related to the goods Plaintiff has continuously sold and distributed under its MERIT mark.

45.   Defendant's MERIT mark is identical to Plaintiff's MERIT mark previously used in commerce by Plaintiff and not abandoned as to be highly

CHRISTIE, PARKER & HALE, LLP

likely, when applied to the goods of Defendant, to falsely suggest a connection with Plaintiff.

46. The remainder of Defendant's Registrations each incorporates the word MERIT. Accordingly, each of these registrations so resembles Plaintiff's MERIT mark, previously used in commerce by Plaintiff and not abandoned, as to be likely, when applied to the goods of Defendant, to falsely suggest a connection with Plaintiff.

47. The use of the word MERIT in each of Defendant's Registrations points uniquely and unmistakably to Plaintiff Merit Pharmaceutical because the word MERIT is a significant element of Plaintiff's name.

48. Plaintiff Merit Pharmaceutical is not affiliated or otherwise connected with the activities performed by Defendant under the marks in Defendant's Registrations.

49. The fame and reputation of Plaintiff is such that when Defendant uses Defendant's Registrations on the goods recited in Defendant's Registrations, a connection with Plaintiff Merit Pharmaceutical is presumed.

50. The above-described acts of Defendant falsely suggest a connection with Plaintiff under Lanham Act § 2(a) (15 U.S.C. § 1052(a)).

51. Plaintiff has been and will continue to be damaged by the continued registration of Defendant's Registrations and Defendant's use of these registrations in a manner falsely suggesting a connection with Plaintiff.

## COUNT 4
### (CANCELLATION FOR LIKELIHOOD OF CONFUSION)

52. Plaintiff repeats, realleges, and incorporates by reference the allegations of Paragraphs 1-32 of this Complaint as though set forth here.

53. The goods covered by Defendant's Registrations, including intravenous fluid delivery components and catheters, are identical or closely related to the goods Plaintiff has continuously sold and distributed under its

MERIT mark since 1977.

54. Defendant's MERIT mark is identical to Plaintiff's MERIT mark previously used in commerce by Plaintiff and not abandoned as to be highly likely, when applied to the goods recited in Defendant's Registrations, to cause confusion or to cause mistake or to deceive.

55. The remainder of Defendant's Registrations each incorporates the word MERIT. Accordingly, each of these registrations so resembles Plaintiff's MERIT mark, previously used in commerce by Plaintiff and not abandoned, as to be likely, when applied to the goods recited in Defendant's Registrations, to cause confusion or to cause mistake or to deceive.

56. Accordingly, Defendant's use of Defendant's Registrations on the goods recited in Defendant's Registrations is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Plaintiff, or as to the origin, sponsorship, or approval of Defendant's goods by Plaintiff under Lanham Act § 2(d) (15 U.S.C. § 1052(d)).

57. Plaintiff has been and will continue to be damaged by the continued registration of Defendant's Registrations and Defendant's use of these registrations in a manner likely to cause confusion, or to cause mistake, or to deceive.

## **PRAYER**

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

1. That the Court enter judgment declaring that Plaintiff's use of its MERIT mark does not violate § 32 or § 43(a) of the Lanham Act, 15 U.S.C. § 1114 or 1125(a), or constitute unfair competition with, or trademark infringement under the Lanham Act or the common law of Defendant's Registrations;

2. For cancellation of Defendant's Registrations pursuant to Lanham Act § 37 (15 U.S.C. § 1119);

CHRISTIE, PARKER & HALE, LLP

3. For all of Plaintiffs' costs of this Action, including attorneys' fees; and

4. For such other or further relief as the Court may deem just and proper.

DATED: June 3, 2014

Respectfully submitted,

CHRISTIE, PARKER & HALE, LLP

By /s/G. Warren Bleeker
G. Warren Bleeker

Attorneys for Plaintiff,
Merit Healthcare International, Inc.,
dba Merit Pharmaceutical

## **DEMAND FOR JURY TRIAL**

Merit Healthcare International, Inc., dba Merit Pharmaceutical demands a trial by jury on all issues so triable.

DATED: June 3, 2014

Respectfully submitted,

CHRISTIE, PARKER & HALE, LLP

By /s/G. Warren Bleeker
G. Warren Bleeker

Attorneys for Plaintiff,
Merit Healthcare International, Inc.,
dba Merit Pharmaceutical

SCL PAS1299985.1-*-06/3/14 4:34 PM

CHRISTIE, PARKER & HALE, LLP