**THOMAS J. DALY, CA Bar No. 119684**
thomas.daly@cph.com
**G. WARREN BLEEKER, CA Bar No. 210834**
warren.bleeker@cph.com
**KATHERINE L. QUIGLEY, CA Bar No. 258212**
katherine.quigley@cph.com
**DUSTIN R. SZAKALSKI, CA Bar No. 280726**
dustin.szakalski@cph.com
**CHRISTIE, PARKER & HALE, LLP**
**655 North Central Avenue, Suite 2300**
**Glendale, California 91203-1445**
**Telephone: (626) 795-9900**
**Facsimile:  (626) 577-8800**

Attorneys for Plaintiff,
Merit Healthcare International, Inc.,
dba Merit Pharmaceutical

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MERIT HEALTHCARE INTERNATIONAL, INC., DBA MERIT PHARMACEUTICAL, a California corporation<br><br>Plaintiff,<br><br>vs.<br><br>MERIT MEDICAL SYSTEMS, INC., a Utah corporation<br><br>Defendant. | Case No.  14-CV-4280 FMO (SHx)<br><br>Hon. Fernando M. Olguin<br><br>**SECOND AMENDED COMPLAINT FOR TRADEMARK CANCELLATION AND DECLARATORY JUDGMENT** |

Plaintiff, Merit Healthcare International, Inc., dba Merit Pharmaceutical ("Plaintiff") or ("Merit Pharmaceutical") files its first complaint against Merit Medical Systems, Inc. ("Merit Medical") or ("Defendant"), and alleges as follows:

## JURISDICTION AND VENUE

1.     This is an action for trademark cancellation under the Trademark Act, Title 15 U.S.C. §§ 1052(a), 1052(d), and 1064(3), and for declaratory relief

-1-

under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

2.     This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338 in that this Complaint raises federal questions arising under the Lanham Act, 15 U.S.C. § 1051 et seq.

3.     This Court has personal jurisdiction over the Defendant at least for the reason that Defendant has, upon information and belief, sold products that are the subject of this action in this District.

4.     Venue in this District is proper pursuant to 28 U.S.C. §§ 1391(b) and (c) because a substantial part of the events giving rise to Plaintiff's claims occurred in this District and Defendant is subject to personal jurisdiction in this District.

### PARTIES

5.     Plaintiff Merit Healthcare International, Inc., dba Merit Pharmaceutical is a California corporation having a principal place of business at 2611 San Fernando Road, Los Angeles, California 90065.

6.     Plaintiff alleges, on information and belief, that Defendant Merit Medical is a Utah corporation with a principal place of business at 1600 West Merit Parkway, South Jordan, Utah 84095.   Plaintiff further alleges on information and belief that Defendant conducts business in this District and within the State of California, including at least via its interactive website, www.merit.com.

### FACTUAL BACKGROUND

7.     Merit Pharmaceutical has been continuously engaged in the distribution and sale of a variety of professional healthcare products, including pharmaceutical and related medical devices and products, such as syringes, intravenous administration devices, and various intravenous therapy items, since 1977.

CHRISTIE, PARKER & HALE, LLP

**8.**     Merit Pharmaceutical has continuously and extensively sold pharmaceutical and related medical devices and products under the MERIT mark throughout the United States since 1977.  Merit Pharmaceutical also attended trade shows related to pharmaceutical and related medical devices and products throughout the United States since the late 1970s where Merit Pharmaceutical advertised pharmaceutical and related medical devices and products under the MERIT mark.  Merit Pharmaceutical was even cited by Dr. Morton Walker, a best-selling medical journalist, in his 1984 book "Chelation Therapy."

**9.**     Examples of the MERIT mark as used by Merit Pharmaceutical are shown below:



10.     In addition to the MERIT mark, Merit Pharmaceutical has extensively used several related trademarks that incorporate the MERIT mark and a suffix, including Mericaine, Meritate, Merical 10%, Merivite Concentrate, Meritol-A, Meritrex, Merivit IM with Minerals, Meritinic/c and Merizinc, since at least the early 1980s.

11.     Merit Pharmaceutical has continuously and extensively used in commerce the mark MERIT in connection with its professional healthcare

CHRISTIE, PARKER & HALE, LLP

products since 1977.  Accordingly, Merit Pharmaceutical  has obtained common law rights in the MERIT mark for use in connection with professional healthcare products, including syringes, intravenous administration devices, and various intravenous therapy items.

12.  Merit Pharmaceutical, through the continuous use and promotion of its MERIT mark over a long period of time and by virtue of the quality of goods sold under this mark, has established valuable goodwill and reputation in connection with the MERIT mark.

13.  On April 22, 2013, Plaintiff filed U.S. Trademark Application No. 85/910,467 ("the '467 Application") for MERITPHLO.  A true and correct copy of the '467 Application is attached herein as Exhibit 1.

14.  On January 21, 2014, Plaintiff filed U.S. Trademark Application No. 86/170,810 ("the '810 Application") for MERITAPE.  A true and correct copy of the '810 Application is attached herein as Exhibit 2.

15.  On January 21, 2014, Plaintiff filed U.S. Trademark Application No. 86/170,803 ("the '803 Application") for MERITDERM.  A true and correct copy of the '803 Application is attached herein as Exhibit 3.

16.  On October 4, 2013, Plaintiff filed U.S. Trademark Application No. 86/083,470 ("the '470 Application") for MERITCATH.  A true and correct copy of the '470 Application is attached herein as Exhibit 4.

17.  On November 4, 2013, Plaintiff filed U.S. Trademark Application No. 86/109,483 ("the '483 Application") for MERITSET.  A true and correct copy of the '483 Application is attached herein as Exhibit 5.

18.  On May 21, 2014, Plaintiff filed U.S. Trademark Application No. 86/288,239 ("the '239 Application") for MERITPHLO. A true and correct copy of the '239 Application is attached herein as Exhibit 6.

19.  On June 16, 2014, Plaintiff filed U.S. Trademark Application No. 86/311,091 ("the '091 Application") for MERITQUETS. A true and correct copy

CHRISTIE, PARKER & HALE, LLP

of the '091 Application is attached herein as Exhibit 7.

20. Upon information and belief, Defendant is the owner of United States Trademark Registration No. 1,526,710 for MERIT for "medical devices, namely, coronary control syringes and intravenous fluid delivery components" in International Class 010, with a filing date of July 11, 1988, a registration date of February 28, 1989, and an alleged date of first use in commerce of March 28, 1988 ("the '710 Registration"). A copy of the '710 Registration is attached herein as Exhibit 8.

21. Upon information and belief, Defendant is the owner of United States Trademark Registration No. 4,413,590 for MERIT MEDICAL for "House mark for catheters, guidewires, syringes and medical accessories used therewith in the fields of cardiology, radiology, surgery, oncology and endoscopy" in International Class 10, with a filing date December 12, 2012, a registration date of October 8, 2013, and an alleged date of first use in commerce of March 28, 1988 ("the '590 registration"). A copy of the '590 Registration is attached herein as Exhibit 9.

22. Upon information and belief, Defendant is the owner of United States Trademark Registration No. 3,314,740 for MERIT ADVANCE for "Medical devices, namely, angiographic needles" in International Class 10, with a filing date July 7, 2006, a registration date of October 16, 2007, and an alleged date of first use in commerce of November 1, 2006 ("the '740 registration"). A copy of the '740 Registration is attached herein as Exhibit 10.

23. Upon information and belief, Defendant is the owner of United States Trademark Registration No. 3,203,573 for MERIT H2O for "Medical products, namely, guide wires" in International Class 10, with a filing date August 5, 2005, a registration date of January 30, 2007, and an alleged date of first use in commerce of November 30, 2003 ("the '573 registration"). A copy of the '573 Registration is attached herein as Exhibit 11.

24.     Upon information and belief, Defendant is the owner of United States Trademark Registration No. 3,933,405 for MERIT MEDICAL ENDOTEK for "Medical devices and accessories used in interventional procedures, namely, stents, stent delivery devices, catheters, balloon inflation devices used in medical procedures, hydrophilic and non-hydrophilic guide wires to track catheters, and devices for sizing stents in the airway" in International Class 10, with a filing date October 30, 2009, a registration date of March 22, 2011, and an alleged date of first use in commerce of July 3, 2009 ("the '405 registration").  A copy of the '405 Registration is attached herein as Exhibit 12.

25.     Upon information and belief, Defendant is the owner of United States Trademark Registration No. 3,846,054 for MERIT LAUREATE for "Medical devices, namely, hydrophilic guide wires for use in radiology, cardiology, and endovascular surgical procedures" in International Class 10, with a filing date April 6, 2009, a registration date of September 7, 2010, and an alleged date of first use in commerce of May 11, 2010 ("the '054 registration").  A copy of the '054 Registration is attached herein as Exhibit 13.

26.     Upon information and belief, Defendant is the owner of United States Trademark Registration No. 3,709,826 for MERIT MAESTRO for "Medical devices, namely, micro catheters" in International Class 10, with a filing date July 7, 2008, a registration date of November 10, 2009, and an alleged date of first use in commerce of September 1, 2009 ("the '826 registration").  A copy of the '826 Registration is attached herein as Exhibit 14.

27.     Upon information and belief, Defendant is the owner of United States Trademark Registration No. 1,808,408 for MERITRANS for "Medical devices; namely, blood-pressure transducers" in International Class 10, with a filing date July 31, 1991, a registration date of November 30, 1993, and an alleged date of first use in commerce of March 8, 1993 ("the '408 registration"). A copy of the '408 Registration is attached herein as Exhibit 15.

CHRISTIE, PARKER & HALE, LLP

28. Upon information and belief, Defendant is the owner of United States Trademark Registration No. 3,082,079 for MERIT SENSOR SYSTEMS & Design for "Medical products, namely, pressure sensors" in International Class 10, with a filing date January 14, 2005, a registration date of April 18, 2006, and an alleged date of first use in commerce of January 1, 2002 ("the '079 registration"). A copy of the '079 Registration is attached herein as Exhibit 16.

29. Upon information and belief, Defendant is the owner of United States Trademark Registration No. 3,084,848 for MERIT SENSOR SYSTEMS for "Medical products, namely, pressure sensors" in International Class 10, with a filing date January 14, 2005, a registration date of April 25, 2006, and an alleged date of first use in commerce of January 1, 2002 ("the '848 registration"). A copy of the '848 Registration is attached herein as Exhibit 17.

30. Defendant's '710 and '590 registrations were cited by the United States Patent and Trademark Office ("USPTO") as reasons to deny approval of Plaintiff's '467 Application for MERITPHLO under Lanham Act § 2(d) (15 U.S.C. § 1052(d)).

31. Defendant's '590 registration was cited by the United States Patent and Trademark Office ("USPTO") as reasons to deny approval of Plaintiff's '810 Application for MERITAPE under Lanham Act § 2(d) (15 U.S.C. § 1052(d)).

32. Defendant's '590 registration was cited by the United States Patent and Trademark Office ("USPTO") as reasons to deny approval of Plaintiff's '803 Application for MERITDERM under Lanham Act § 2(d) (15 U.S.C. § 1052(d)).

33. Defendant's '710, '590, '740, '573, '405, '054, '826, and '408 registrations were cited by the United States Patent and Trademark Office ("USPTO") as reasons to deny approval of Plaintiff's '470 Application for MERITCATH under Lanham Act § 2(d) (15 U.S.C. § 1052(d)).

34. Defendant's '710, '590, '740, '573, '405, '054, '826, and '408 registrations were cited by the United States Patent and Trademark Office

CHRISTIE, PARKER & HALE, LLP

("USPTO") as reasons to deny approval of Plaintiff's '483 Application for MERITSET under Lanham Act § 2(d) (15 U.S.C. § 1052(d)).

35.     Defendant's '710, '079, '848, and '590 registrations were cited by the United States Patent and Trademark Office ("USPTO") as reasons to deny approval of Plaintiff's '239 Application for MERITPHLO under Lanham Act § 2(d) (15 U.S.C. § 1052(d)).

36.     Defendant's '710, '079, '848, and '590 registrations were cited by the United States Patent and Trademark Office ("USPTO") as reasons to deny approval of Plaintiff's '091 Application for MERITQUETS under Lanham Act § 2(d) (15 U.S.C. § 1052(d)).

37.     On May 7, 2014, counsel for Plaintiff Merit Pharmaceutical  sent Defendant a letter describing Plaintiff's continuous and extensive use of the MERIT mark in connection with the distribution and sale of pharmaceuticals, including pharmaceuticals for intravenous delivery, since at least November 1977.  In the letter, counsel for Plaintiff also requested that Defendant enter into a coexistence agreement with Plaintiff.  A true and correct copy of the letter is attached herein as Exhibit 18.

38.     On May 12, 2014, counsel for Plaintiff spoke via telephone with a representative of Defendant, Delos Larson, regarding the possibility of entering into a coexistence agreement.  During the telephone call, Mr. Larson would not agree, and expressed doubt that Defendant would consent to Plaintiff's continued use of the MERIT mark in connection with professional healthcare products.

39.     On May 14, 2014, Mr. Larson sent counsel for Plaintiff an email questioning the accuracy of Plaintiff's date of first use of the MERIT mark in connection with intravenous devices.

40.     Thus, despite Plaintiff's attempts to resolve these trademark priority issues and consequently potential infringement issues, Defendant has not agreed, and based on their recent actions, appear unwilling to consent to Plaintiff's

CHRISTIE, PARKER & HALE, LLP

continued use of MERIT in connection with professional healthcare products. Defendant's refusal to consent to Plaintiff's use of MERIT creates a justiciable case and controversy. A cloud has now been placed over Plaintiff's continued use of its MERIT mark. Plaintiff has a reasonable apprehension that Defendant will assert that Plaintiff's use of its MERIT mark infringes one or more of Defendant's claimed trademark rights in Registration Nos. '710, '590, '740, '573, '405, '054, '826, '408, '079, and '848 ("Defendant's Registrations"). The fact that Defendant has not consented to Plaintiff's continued use and the fact that Defendant has now questioned Plaintiff's evidence of prior use, creates a cloud of controversy regarding this trademark infringement issue. Without relief from the Court, Plaintiff would risk being sued for trademark infringement by Defendant or would be forced to stop using its MERIT mark and thus lose the substantial goodwill developed over the many years of use. It is therefore appropriate for the Court to exercise its discretion under the Declaratory Judgment Act and declare that Plaintiff's use of its MERIT mark does not infringe any of Defendant's Registrations or other asserted rights.

41.   On June 2, 2014, Plaintiff filed Combined Petitions for Cancellation with the USPTO seeking cancellation of Defendant's '710 and '590 registrations.

## COUNT 1

## (DECLARATORY JUDGMENT OF NON-INFRINGEMENT)

42.   Plaintiff repeats, realleges, and incorporates by reference the allegations of Paragraphs 1-38 of this Complaint as though set forth here.

43.   Since long before Defendant's asserted dates of first use of Defendant's Registrations, Plaintiff has continuously and extensively used in interstate commerce the mark MERIT in connection with its professional healthcare products, including pharmaceutical and related medical devices and products.

44.   Accordingly, because Plaintiff is the senior user of the MERIT mark,

CHRISTIE, PARKER & HALE, LLP

Plaintiff is entitled to a declaratory judgment that its use of the MERIT mark does not violate Section 32 or Section 43(a) of the Lanham Act, nor does it constitute unfair competition or trademark infringement under the common law of any state in the United States.

45.     Upon information and belief, a justiciable case and controversy exists.  A cloud has now been placed over Plaintiff's continued use of its MERIT, MERITPHLO, MERITAPE, MERITDERM, MERITCATH, MERITSET, and MERITQUETS marks (collectively, "MERIT Marks").  Plaintiff has a reasonable apprehension that Defendant will assert that Plaintiff's use of its MERIT Marks infringes one or more of Defendant's claimed trademark rights.  The fact that Defendant has not consented to Plaintiff's continued use and the fact that Defendant has now questioned Plaintiff's evidence of prior use, creates a cloud of controversy regarding this trademark infringement issue.  Without relief from the Court, Plaintiff would risk being sued for trademark infringement by Defendant or would be forced to stop using its MERIT Marks and thus lose the substantial goodwill developed over the many years of use.  It is therefore appropriate for the Court to exercise its discretion under the Declaratory Judgment Act and declare that Plaintiff's use of its MERIT Marks does not infringe any of Defendant's Registrations or other asserted rights.

## COUNT 2

### (CANCELLATION FOR FRAUD)

46.     Plaintiff repeats, realleges, and incorporates by reference the allegations of Paragraphs 1-45 of this Complaint as though set forth here.

47.     On information and belief, Defendant, by and through Fred Lampropoulos, the President of Defendant, and Defendant's Chief Legal Officer, Rashelle Perry, knowingly or with willful ignorance made false representations of material fact to the United States Patent and Trademark Office ("USPTO") during

CHRISTIE, PARKER & HALE, LLP

the prosecution of the applications that resulted in Defendant's '710, '590, '405, and '826 registrations.

48.     Upon information and belief, Defendant knew of, or willfully ignored facts demonstrating, Merit Pharmaceutical's use of the MERIT mark in connection with professional healthcare products, including syringes, intravenous administration devices, and various intravenous therapy items from a time prior to the dates of first use listed in Defendant's Registrations.

49.     Upon information and belief, Defendant knew of Merit Pharmaceutical's use of the MERIT mark in connection with professional healthcare products based on clearance searches that Merit Medical would have performed.  Upon information and belief, Merit Medical performed a clearance search prior to filing its initial corporate registration in Utah on July 28, 1987 in order to verify that it would be able to register its corporation in Utah and other states.   In addition, on information and belief, Merit Medical performed a trademark clearance search for "Merit" prior to filing its trademark application for MERIT on July 11, 1988 in order to verify that it had the right to use that mark. Upon information and belief, Merit Medical learned of Merit Pharmaceutical through one or both of these searches.

50.     Upon information and belief, upon learning of Merit Pharmaceutical, Merit Medical would have performed or should have performed a search on Merit Pharmaceutical and learned of Merit Pharmaceutical's superior trademark rights for the mark MERIT used in connection with professional healthcare products, such as syringes, intravenous administration devices, and various intravenous therapy items.  Upon information and belief, as Merit Medical's President and Founder, Fred Lampropoulos, knew or should have informed himself of the results of the clearance searches and knew or should have informed himself of the results of the search that lead to information regarding Merit Pharmaceutical's superior rights.

51.     Fred Lampropoulos, President and Founder of Merit Medical, signed the application that resulted in Defendant's '710 registration and declared that Defendant "is entitled to use such mark in commerce; to the best of my knowledge and belief no other person, firm, corporation, or association has the right to use said mark in commerce, either in the identical form thereof or in such near resemblance thereto as to be likely, when used on or in connection with the goods of such other person, to cause confusion, or to cause mistake, or to deceive." Fred Lampropoulos made this declaration on June 24, 1988.  Upon information and belief, Fred Lampropoulos signed this statement after learning of Merit Pharmaceutical's superior rights and thus made this statement with knowledge that it was false or with willful ignorance as to the falsity of this statement.

52.     Upon information and belief, Fred Lampropoulos knew of the superior rights of Merit Pharmaceutical in the mark "MERIT."   Fred Lampropoulos filed a Declaration in support of the Defendant's '710 registration after learning of Merit Pharmaceutical's superior rights.   Defendant's '710 registration in the mark MERIT is confusingly similar to Merit Pharmaceutical's MERIT mark based on the breadth of the goods with which Defendant's MERIT mark is listed as being used in connection.

53.     Defendant's '710 registration for MERIT is registered for use with "medical devices, namely, coronary control syringes and intravenous fluid delivery components."   Upon information and belief, this listing of goods is overbroad and includes goods not used by Defendant in connection with its MERIT mark.  For example, upon information and belief, Defendant does not use MERIT in connection with all types of "medical devices, namely . . . intravenous fluid delivery components," *e.g*., intravenous catheters and syringes for drug administration.  Because of this overly broad listing of goods, Defendant's mark

CHRISTIE, PARKER & HALE, LLP

is confusingly similar with Plaintiff's MERIT mark, which is used in association with intravenous administration devices, including catheters and syringes.

54.    Upon information and belief, and in view of the similarity of the marks, Fred Lampropoulos either believed that a likelihood of confusion would result from Merit Medical's use of the mark in Defendant's '710 registration or had no reasonable basis for believing otherwise.  Upon information and belief, Fred Lampropoulos, in failing to disclose Merit Pharmaceutical's superior rights in the "MERIT" mark, intended to procure registrations to which Merit Medical was not entitled.

55.    Upon information and belief, Defendant knew of Merit Pharmaceutical's use of the MERIT mark in connection with professional healthcare products based on Merit Pharmaceutical's registration with the Food and Drug Administration ("FDA") and various state licensing boards prior to Merit Medical's registration with the FDA and various state licensing boards.

56.    For example, Merit Pharmaceutical registered in Louisiana on April 29, 2004 for a license to transact business in that state and, upon information and belief, Merit Medical similarly registered in Louisiana on December 23, 2008.  Upon information and belief, Merit Medical ran a clearance search prior to registering in Louisiana and learned of Merit Pharmaceutical.

57.    Upon information and belief, upon learning of Merit Pharmaceutical, Merit Medical would have performed or should have performed a search on Merit Pharmaceutical to determine if Merit Pharmaceutical was infringing Merit Medical's marks, and such search informed Merit Medical of Merit Pharmaceutical's superior trademark rights for the mark MERIT used in connection with professional healthcare products, such as syringes, intravenous administration devices, and various intravenous therapy items.  Upon information and belief, as Merit Medical's Chief Legal Officer, Rashelle Perry, knew or should have informed herself of the results of the trademark clearance search and

CHRISTIE, PARKER & HALE, LLP

knew or should have informed herself of the results of the search that lead to information regarding Merit Pharmaceutical's superior rights.

58.   Rashelle Perry signed the applications that resulted in Defendant's '590, '405, and '826 registrations and declared, "he/she believes the applicant to be the owner of the trademark/service mark sought to be registered, or, if the application is being filed under 15 U.S.C. Section 1051(b), he/she believes applicant to be entitled to use such mark in commerce; to the best of his/her knowledge and belief no other person, firm, corporation, or association has the right to use the mark in commerce, either in the identical form thereof or in such near resemblance thereto as to be likely, when used on or in connection with the goods/services of such other person, to cause confusion, or to cause mistake, or to deceive."   Rashelle Perry made these declarations regarding Defendant's '590, '405, and '826 registrations on December 12, 2012, October 30, 2009 and September 14, 2009, respectively.   Upon information and belief, Rashelle Perry signed this statement for each of the above registrations after learning of Merit Pharmaceutical's superior rights and thus made these statements with knowledge that they were false or with willful ignorance as to the falsity of these statements.

59.   Upon information and belief, Rashelle Perry knew of the superior rights of Merit Pharmaceutical in the mark "MERIT."   Rashelle Perry filed Declarations in support of the trademark applications that resulted in Defendant's '590, '405, and '826 registrations after learning of Merit Pharmaceutical's superior rights.   Defendant's '590, '405, and '826 registrations in the marks MERIT MEDICAL, MERIT MEDICAL ENDOTEK and MERIT MAESTRO are confusingly similar to Merit Pharmaceutical's MERIT mark based on the breadth of the goods with which these marks are listed as being used in connection.

60.   Defendant's '590 registration for MERIT MEDICAL is registered for use with "catheters, guidewires, syringes and medical accessories used therewith in the fields of cardiology, radiology, surgery, oncology and

-14-

endoscopy."  Upon information and belief, this listing of goods is overbroad and includes goods not used by Defendant in connection with its MERIT MEDICAL mark.  For example, upon information and belief, Defendant does not use MERIT MEDICAL in connection with all types of "catheters . . . used therewith in the fields of . . . surgery," *e.g.*, intravenous catheters for drug administration.  Because of this overly broad listing of goods, Defendant's mark is confusingly similar with Plaintiff's MERIT mark, which is used in association with intravenous administration devices, including catheters.

61.   Defendant's '405 registration for MERIT MEDICAL ENDOTEK is registered for use with "Medical devices and accessories used in interventional procedures, namely, stents, stent delivery devices, catheters, balloon inflation devices used in medical procedures, hydrophilic and non-hydrophilic guide wires to track catheters, and devices for sizing stents in the airway."  Upon information and belief, this listing of goods is overbroad and includes goods not used by Defendant in connection with its MERIT MEDICAL ENDOTEK mark.  For example, upon information and belief, Defendant does not use MERIT MEDICAL ENDOTEK in connection with all types of "catheters . . . used in medical procedures," *e.g.*, intravenous catheters for drug administration.  Because of this overly broad listing of goods, Defendant's mark is confusingly similar with Plaintiff's MERIT mark, which is used in association with intravenous administration devices, including catheters.

62.   Defendant's '826 registration for MERIT MAESTRO is registered for use with "Medical devices, namely, micro catheters."  Upon information and belief, this listing of goods is overbroad and includes goods not used by Defendant in connection with its MERIT MAESTRO mark.  For example, upon information and belief, Defendant does not use MERIT MAESTRO in connection with all types of "micro catheters," *e.g.*, intravenous micro catheters for drug administration.  Because of this overly broad listing of goods, Defendant's mark

CHRISTIE, PARKER & HALE, LLP

is confusingly similar with Plaintiff's MERIT mark, which is used in association with intravenous administration devices, including micro catheters.

63.     Upon information and belief, and in view of the similarity of the marks, Rashelle Perry either believed that a likelihood of confusion would result from Merit Medical's use of the marks in Defendant's '590, '405, and '826 registrations or had no reasonable basis for believing otherwise.     Upon information   and   belief,   Rashelle   Perry,   in   failing   to   disclose   Merit Pharmaceutical's superior rights in the "MERIT" mark, intended to procure registrations to which Merit Medical was not entitled.

64.     Upon   information   and   belief,   Defendant   knew   of   Merit Pharmaceutical's use of the MERIT mark in connection with professional healthcare products prior to 2009 based on the Parties' use of the same supplier, Codan   US   Corporation   (formerly   Medlon,   Inc.),   for   various   professional healthcare products, including intravenous tubing and intravenous sets.     Upon information and belief, Codan US Corporation informed Defendant of the existence of Merit Pharmaceutical.     Upon information and belief, this information, regarding the existence of another company (Merit Pharmaceutical) using the MERIT mark to sell similar medical devices via the same supplier, would have been reported to Merit Medical's legal department, including Rashelle Perry, Merit Medical's Chief Legal Officer.

65.     Upon information and belief, upon learning of Merit Pharmaceutical, Merit Medical would have performed or should have performed a search on Merit Pharmaceutical to determine if Merit Pharmaceutical was infringing Merit Medical's marks, and such search would have informed Merit Medical of Merit Pharmaceutical's superior trademark rights for the mark MERIT used in connection with professional healthcare products, such as syringes, intravenous administration devices, and various intravenous therapy items.  Upon information and belief, as Merit Medical's Chief Legal Officer, Rashelle Perry, knew or

should have informed herself of the results of such a search.

66.    Rashelle Perry signed the applications that resulted in Defendant's '590, '405, and '826 registrations and declared, "he/she believes the applicant to be the owner of the trademark/service mark sought to be registered, or, if the application is being filed under 15 U.S.C. Section 1051(b), he/she believes applicant to be entitled to use such mark in commerce; to the best of his/her knowledge and belief no other person, firm, corporation, or association has the right to use the mark in commerce, either in the identical form thereof or in such near resemblance thereto as to be likely, when used on or in connection with the goods/services of such other person, to cause confusion, or to cause mistake, or to deceive."   Rashelle Perry made these declarations regarding Defendant's '590, '405, and '826 registrations on December 12, 2012, October 30, 2009 and September 14, 2009, respectively.   Rashelle Perry signed these declarations on behalf of Defendant, and either knew or should have informed herself of Defendant's knowledge regarding Merit Pharmaceutical prior to signing these declarations.   Upon information and belief, Rashelle Perry signed this statement for each of the above registrations after learning of Merit Pharmaceutical's superior rights and thus made these statements with knowledge that they were false or with willful ignorance as to the falsity of these statements.

67.    Upon information and belief, Rashelle Perry knew of the superior rights of Merit Pharmaceutical in the mark "MERIT."   Rashelle Perry filed Declarations in support of the trademark applications that resulted in Defendant's '590, '405, and '826 registrations after learning of Merit Pharmaceutical's superior rights.   Defendant's '590, '405, and '826 registrations in the marks MERIT MEDICAL, MERIT MEDICAL ENDOTEK and MERIT MAESTRO are confusingly similar to Merit Pharmaceutical's MERIT mark based on the breadth of the goods with which these marks are listed as being used in connection.

CHRISTIE, PARKER & HALE, LLP

68.   Defendant's '590 registration for MERIT MEDICAL is registered for use with "catheters, guidewires, syringes and medical accessories used therewith in the fields of cardiology, radiology, surgery, oncology and endoscopy."  Upon information and belief, this listing of goods is overbroad and includes goods not used by Defendant in connection with its MERIT MEDICAL mark.  For example, upon information and belief, Defendant does not use MERIT MEDICAL in connection with all types of "catheters . . . used therewith in the fields of . . . surgery," *e.g.*, intravenous catheters for drug administration.  Because of this overly broad listing of goods, Defendant's mark is confusingly similar with Plaintiff's MERIT mark, which is used in association with intravenous administration devices, including catheters.

69.   Defendant's '405 registration for MERIT MEDICAL ENDOTEK is registered for use with "Medical devices and accessories used in interventional procedures, namely, stents, stent delivery devices, catheters, balloon inflation devices used in medical procedures, hydrophilic and non-hydrophilic guide wires to track catheters, and devices for sizing stents in the airway."  Upon information and belief, this listing of goods is overbroad and includes goods not used by Defendant in connection with its MERIT MEDICAL ENDOTEK mark.  For example, upon information and belief, Defendant does not use MERIT MEDICAL ENDOTEK in connection with all types of "catheters . . . used in medical procedures," *e.g.*, intravenous catheters for drug administration.  Because of this overly broad listing of goods, Defendant's mark is confusingly similar with Plaintiff's MERIT mark, which is used in association with intravenous administration devices, including catheters.

70.   Defendant's '826 registration for MERIT MAESTRO is registered for use with "Medical devices, namely, micro catheters."  Upon information and belief, this listing of goods is overbroad and includes goods not used by Defendant in connection with its MERIT MAESTRO mark.  For example, upon

CHRISTIE, PARKER & HALE, LLP

information and belief, Defendant does not use MERIT MAESTRO in connection with all types of "micro catheters," *e.g.*, intravenous micro catheters for drug administration. Because of this overly broad listing of goods, Defendant's mark is confusingly similar with Plaintiff's MERIT mark, which is used in association with intravenous administration devices, including micro catheters.

71. Upon information and belief, and in view of the similarity of the marks and associated goods and services, Rashelle Perry either believed that a likelihood of confusion would result from Merit Medical's use of the marks in Defendant's '590, '405, and '826 registrations or had no reasonable basis for believing otherwise. Upon information and belief, Rashelle Perry, in failing to disclose Merit Pharmaceutical's superior rights in the "MERIT" mark, intended to procure registrations to which Merit Medical was not entitled.

72. Upon information and belief, Defendant knew of Merit Pharmaceutical's use of the MERIT mark in connection with professional healthcare products based on Merit Pharmaceutical's listing in widely distributed medical reference publications of medical device supplies. On information and belief, Defendant would have learned about Merit Pharmaceutical through such listings. Upon information and belief, this information, regarding the existence of another company (Merit Pharmaceutical) using the MERIT mark to sell similar medical devices via the same supplier, would have been reported to Merit Medical's legal department, including Rashelle Perry, Merit Medical's Chief Legal Officer.

73. Upon information and belief, upon learning of Merit Pharmaceutical, Merit Medical would have performed or should have performed a search on Merit Pharmaceutical to determine if Merit Pharmaceutical was infringing Merit Medical's marks, and such search would have informed Merit Medical of Merit Pharmaceutical's superior trademark rights for the mark MERIT used in connection with professional healthcare products, such as syringes, intravenous

administration devices, and various intravenous therapy items.  Upon information and belief, as Merit Medical's Chief Legal Officer, Rashelle Perry, knew or should have informed herself of the results of such a search.

74.    Rashelle Perry signed the applications that resulted in Defendant's '590, '405, and '826 registrations and declared, "he/she believes the applicant to be the owner of the trademark/service mark sought to be registered, or, if the application is being filed under 15 U.S.C. Section 1051(b), he/she believes applicant to be entitled to use such mark in commerce; to the best of his/her knowledge and belief no other person, firm, corporation, or association has the right to use the mark in commerce, either in the identical form thereof or in such near resemblance thereto as to be likely, when used on or in connection with the goods/services of such other person, to cause confusion, or to cause mistake, or to deceive."  Rashelle Perry made these declarations regarding Defendant's '590, '405, and '826 registrations on December 12, 2012, October 30, 2009 and September 14, 2009, respectively.  Rashelle Perry signed these declarations on behalf of Defendant, and either knew or should have informed herself of Defendant's knowledge regarding Merit Pharmaceutical prior to signing these declarations.  Upon information and belief, Rashelle Perry signed this statement for each of the above registrations after learning of Merit Pharmaceutical's superior rights and thus made these statements with knowledge that they were false or with willful ignorance as to the falsity of these statements.

75.    Upon information and belief, Rashelle Perry knew of the superior rights of Merit Pharmaceutical in the mark "MERIT."  Rashelle Perry filed Declarations in support of the trademark applications that resulted in Defendant's '590, '405, and '826 registrations after learning of Merit Pharmaceutical's superior rights.  Defendant's '590, '405, and '826 registrations in the marks MERIT MEDICAL, MERIT MEDICAL ENDOTEK and MERIT MAESTRO are confusingly similar to Merit Pharmaceutical's MERIT mark based on the breadth

CHRISTIE, PARKER & HALE, LLP

of the goods with which these marks are listed as being used in connection.

76.     Defendant's '590 registration for MERIT MEDICAL is registered for use with "catheters, guidewires, syringes and medical accessories used therewith in the fields of cardiology, radiology, surgery, oncology and endoscopy." Upon information and belief, this listing of goods is overbroad and includes goods not used by Defendant in connection with its MERIT MEDICAL mark. For example, upon information and belief, Defendant does not use MERIT MEDICAL in connection with all types of "catheters . . . used therewith in the fields of . . . surgery," *e.g.*, intravenous catheters for drug administration. Because of this overly broad listing of goods, Defendant's mark is confusingly similar with Plaintiff's MERIT mark, which is used in association with intravenous administration devices, including catheters.

77.     Defendant's '405 registration for MERIT MEDICAL ENDOTEK is registered for use with "Medical devices and accessories used in interventional procedures, namely, stents, stent delivery devices, catheters, balloon inflation devices used in medical procedures, hydrophilic and non-hydrophilic guide wires to track catheters, and devices for sizing stents in the airway." Upon information and belief, this listing of goods is overbroad and includes goods not used by Defendant in connection with its MERIT MEDICAL ENDOTEK mark. For example, upon information and belief, Defendant does not use MERIT MEDICAL ENDOTEK in connection with all types of "catheters . . . used in medical procedures," *e.g.*, intravenous catheters for drug administration. Because of this overly broad listing of goods, Defendant's mark is confusingly similar with Plaintiff's MERIT mark, which is used in association with intravenous administration devices, including catheters.

78.     Defendant's '826 registration for MERIT MAESTRO is registered for use with "Medical devices, namely, micro catheters." Upon information and belief, this listing of goods is overbroad and includes goods not used by

Defendant in connection with its MERIT MAESTRO mark.  For example, upon information and belief, Defendant does not use MERIT MAESTRO in connection with all types of "micro catheters," *e.g.*, intravenous micro catheters for drug administration.  Because of this overly broad listing of goods, Defendant's mark is confusingly similar with Plaintiff's MERIT mark, which is used in association with intravenous administration devices, including micro catheters.

79.   Upon information and belief, and in view of the similarity of the marks and associated goods and services, Rashelle Perry either believed that a likelihood of confusion would result from Merit Medical's use of the marks in Defendant's '590, '405, and '826 registrations or had no reasonable basis for believing otherwise.  Upon information and belief, Rashelle Perry, in failing to disclose Merit Pharmaceutical's superior rights in the "MERIT" mark, intended to procure registrations to which Merit Medical was not entitled.

80.   On information and belief, Defendant by and through its agents, Fred Lampropoulos or Rashelle Perry, respectively, made the above-identified false statements with the intent to induce the USPTO to grant Defendant's '710, '590, '405, and '826 registrations, and that the USPTO, incorrectly relying upon the assumed truth of these false material statements, did in fact grant Defendant's '710, '590, '405, and '826 registrations.

81.   The above-described acts of Defendant or its agent constitute fraudulent procurement of Defendant's Registrations under Lanham Act § 14 (3) (15 U.S.C. § 1064(3)) and/or Lanham Act § 33 (b)(1) (15 U.S.C. § 1115(b)(1)).

82.   Plaintiff has been and will continue to be damaged by the continued registration of Defendant's '710, '590, '405, and '826 registrations, which have barred Plaintiff from registering its MERITPHLO, MERITAPE, MERITDERM, MERITCATH, and MERITSET marks.

CHRISTIE, PARKER & HALE, LLP

## COUNT 3

### (CANCELLATION FOR FALSELY SUGGESTING
### A CONNECTION WITH PLAINTIFF)

83.    Plaintiff repeats, realleges, and incorporates by reference the allegations of Paragraphs 1-38 of this Complaint as though set forth here.

84.    The goods covered by Defendant's '710, '590, '826, and '405 registrations, including intravenous fluid delivery components and catheters, are identical or closely related to the goods Plaintiff has continuously sold and distributed under its MERIT mark.

85.    Defendant's MERIT mark (Reg. No. '710) is essentially identical to Plaintiff's MERIT mark previously used in commerce by Plaintiff and not abandoned as to be highly likely, when applied to the goods of Defendant, to falsely suggest a connection with Plaintiff.

86.    Defendant's '590, '826, and '405 registrations each incorporate the word MERIT.  Accordingly, each of these registrations so resembles Plaintiff's MERIT mark, previously used in commerce by Plaintiff and not abandoned, as to be likely, when applied to the goods of Defendant, to falsely suggest a connection with Plaintiff.

87.    The use of the word MERIT in each of Defendant's '710, '590, '826, and '405 registrations points uniquely and unmistakably to Plaintiff Merit Pharmaceutical because the word MERIT is a significant element of Plaintiff's name.

88.    Plaintiff Merit Pharmaceutical is not affiliated or otherwise connected with the activities performed by Defendant under the marks in Defendant's Registrations.

89.    The fame and reputation of Plaintiff is such that when Defendant uses Defendant's '710, '590, '826, and '405 registrations on the goods recited in Defendant's '710, '590, '826, and '405 registrations, a connection with Plaintiff

CHRISTIE, PARKER & HALE, LLP

Merit Pharmaceutical is presumed.

90.    The above-described acts of Defendant falsely suggest a connection with Plaintiff under Lanham Act § 2(a) (15 U.S.C. § 1052(a)).

91.    Plaintiff has been and will continue to be damaged by the continued registration of Defendant's '710, '590, '826, and '405 registrations and Defendant's use of these registrations in a manner falsely suggesting a connection with Plaintiff.

## COUNT 4

## (CANCELLATION FOR LIKELIHOOD OF CONFUSION)

92.    Plaintiff repeats, realleges, and incorporates by reference the allegations of Paragraphs 1-38 of this Complaint as though set forth here.

93.    The goods covered by Defendant's '405, '590, and '826 registrations, including catheters, are identical or closely related to the goods Plaintiff has continuously sold and distributed under its MERIT mark since 1977.

94.    Defendant's '405, '590, and '826 registrations each incorporate the word MERIT.  Accordingly, each of these registrations so resembles Plaintiff's MERIT mark, previously used in commerce by Plaintiff and not abandoned, as to be likely, when applied to the goods recited in Defendant's '405, '590, and '826 registrations, to cause confusion or to cause mistake or to deceive.

95.    Accordingly, Defendant's use of Defendant's '405, '590, and '826 registrations on the goods recited in Defendant's '405, '590, and '826 registrations is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Plaintiff, or as to the origin, sponsorship, or approval of Defendant's goods by Plaintiff under Lanham Act § 2(d) (15 U.S.C. § 1052(d)).

Plaintiff has been and will continue to be damaged by the continued registration of Defendant's '405, '590, and '826 registrations and Defendant's use

CHRISTIE, PARKER & HALE, LLP

of these registrations in a manner likely to cause confusion, or to cause mistake, or to deceive.

## PRAYER

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

1. That the Court enter judgment declaring that Plaintiff's use of its MERIT Marks does not violate § 32 or § 43(a) of the Lanham Act, 15 U.S.C. § 1114 or 1125(a), or constitute unfair competition with, or trademark infringement under the Lanham Act or the common law of Defendant's Registrations;

2. For cancellation of Defendant's '710, '590, '826, and '405 registrations pursuant to Lanham Act § 37 (15 U.S.C. § 1119);

3. For all of Plaintiffs' costs of this Action, including attorneys' fees; and

4. For such other or further relief as the Court may deem just and proper.

DATED:  November 3, 2014        Respectfully submitted,

CHRISTIE, PARKER & HALE, LLP


By */s/ Katherine L. Quigley*  _____
Katherine L. Quigley

Attorneys for Plaintiff,
Merit Healthcare International, Inc.,
dba Merit Pharmaceutical

CHRISTIE, PARKER & HALE, LLP

1

## **DEMAND FOR JURY TRIAL**

2

Merit Healthcare International, Inc., dba Merit Pharmaceutical demands a

3

trial by jury on all issues so triable.

4

5

6

DATED:  November 3, 2014                    Respectfully submitted,

7

CHRISTIE, PARKER & HALE, LLP

8

9

By */s/ Katherine L. Quigley* _____

10

Katherine L. Quigley

Attorneys for Plaintiff,

11

Merit Healthcare International, Inc.,
dba Merit Pharmaceutical

12

13

SES PAS1324493.2-*-11/3/14 5:34 PM

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28