8THOMAS J. DALY, CA Bar No. 119684
thomas.daly@cph.com
G. WARREN BLEEKER, CA Bar No. 210834
warren.bleeker@cph.com
KATHERINE L. QUIGLEY, CA Bar No. 258212
katherine.quigley@cph.com
DUSTIN R. SZAKALSKI, CA Bar No. 280726
dustin.szakalski@cph.com
CHRISTIE, PARKER & HALE, LLP
655 North Central Avenue, Suite 2300
Glendale, California 912031445
Telephone: (626) 795-9900; Fax: (626) 577-8800

Attorneys for Plaintiff,
Merit Healthcare International, Inc., dba Merit Pharmaceutical

DANIEL M. LIVINGSTON, CA Bar No. 105981
dml@paynefears.com
SCOTT O. LUSKIN, CA Bar No. 238082
sol@paynefears.com
PAYNE & FEARS LLP
Jamboree Center, 4 Park Plaza, Suite 1100
Irvine, CA 92614
Telephone: (949) 851-1100; Fax: (949) 851-1212

BRENT P. LORIMER, Utah Bar No. 3731
blorimer@wnlaw.com (Admitted Pro Hac Vice)
DAVID P. JOHNSON, Utah Bar No. 13260
djohnson@wnlaw.com (Admitted Pro Hac Vice)
WORKMAN | NYDEGGER A PROFESSIONAL CORPORATION
60 East South Temple, Tenth Floor
Salt Lake City, UT 84111
Telephone: (801) 533-9800; Fax: (801) 328-1707

Attorneys for Defendant,
MERIT MEDICAL SYSTEMS, INC.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MERIT HEALTHCARE INTERNATIONAL, INC., DBA MERIT PHARMACEUTICAL, a California corporation<br><br>Plaintiff,<br><br>vs.<br><br>MERIT MEDICAL SYSTEMS, INC., a Utah corporation<br><br>Defendant. | Case No. 14-CV-4280 FMO (SHx)<br><br>**STIPULATED PROTECTIVE ORDER**<br><br><br>Hon. Stephen J. Hillman |

-1-

Plaintiff Merit Healthcare International, Inc. dba Merit Pharmaceutical ("Merit Healthcare") and Defendant Merit Medical Systems ("Merit Medical"), by and through their attorneys of record, for the protection of the parties' financial information and other confidential information (including but not limited to unpublished creative materials, if any), hereby Stipulate, and request that the Court Order, as follows:

### 1.   Classified Information

"Classified Information" means any information of any type, kind, or character that is designated as "Confidential" or "Attorneys Eyes Only" by any of the supplying or receiving persons, whether it be a document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer, or otherwise.

### 2.   Qualified Persons

"Qualified Persons" means:

    a.    For Attorneys Eyes Only information:

        i.    retained outside counsel for the parties in this litigation and their respective staff;

        ii.    actual or potential independent experts or consultants (and their administrative or clerical staff) engaged in connection with this litigation (which shall not include the current employees, officers, members, or agents of parties or affiliates of parties) who, prior to any disclosure of Classified Information to such person, have signed a document agreeing to be bound by the terms of this Protective Order (such signed document to be maintained by the attorney retaining such person) and have been designated in writing by notice to all counsel;

        iii.    any person who was an author, addressee, or intended or authorized recipient of the Attorney Eyes Only information, provided that such persons may see and use the Attorney Eyes Only information but not retain a

CHRISTIE, PARKER & HALE, LLP

1  copy;

2          iv.   during a deposition, any person who is otherwise

3  reasonably shown to have knowledge of the Attorney Eyes Only information,

4  provided that such persons may see and use the Attorney Eyes Only information

5  but not retain a copy;

6          a. the parties agree that prior to showing Attorney Eyes

7             Only information to someone who qualifies under

8             this section iv, counsel for the disclosing party shall

9             notify counsel for the non-disclosing party on the

10             record of the specific Attorney Eyes Only

11             information it seeks to disclose;

12          b. if counsel for the non-disclosing party objects to the

13             disclosure, the disclosing party shall not disclose the

14             Attorney Eyes Only information to the person who

15             qualifies under this section iv before a determination

16             by the court or subsequent agreement of the parties;

17          c. if counsel for the non-disclosing party does not

18             object to the disclosure, the disclosing party may

19             disclose the Attorney Eyes Only information to the

20             person who qualifies under this section iv;

21          d. counsel for the non-disclosing party may only raise

22             good faith objections to disclosure under this section

23             iv;

24          e. this section iv applies only to Attorney Eyes Only

25             information that is disclosed during a deposition;

26          v.   this court and its staff and any other tribunal or dispute

27  resolution officer duly appointed or assigned in connection with this litigation.

28          b.   For Confidential information:

CHRISTIE, PARKER & HALE, LLP

i.    the persons identified in subparagraph 2(a);

ii.    the party, if a natural person;

iii.    if the party is an entity, such officers or employees of the party who are actively involved in the prosecution or defense of this case who, prior to any disclosure of Confidential information to such person, have been designated in writing by notice to all counsel and have signed a document agreeing to be bound by the terms of this Protective Order (such signed document to be maintained by the attorney designating such person);

iv.    litigation vendors, court reporters, and other litigation support personnel;

v.    any person who was an author, addressee, or intended or authorized recipient of the Confidential information, provided that such persons may see and use the Confidential information but not retain a copy.

vi.    during a deposition, any person who is otherwise reasonably shown to have knowledge of the Confidential information, provided that such persons may see and use the Confidential information but not retain a copy;

a.  the parties agree that prior to showing Confidential information to someone who qualifies under this section vi, counsel for the disclosing party shall notify counsel for the non-disclosing party on the record of the specific Confidential information it seeks to disclose;

b.  if counsel for the non-disclosing party objects to the disclosure, the disclosing party shall not disclose the Confidential information to the person who qualifies under this section vi before a determination by the court or subsequent agreement of the parties;

-4-

c. if counsel for the non-disclosing party does not object to the disclosure, the disclosing party may disclose the Confidential information to the person who qualifies under this section vi;

d. counsel for the non-disclosing party may only raise good faith objections to disclosure under this section iv;

e. this section iv applies only to Confidential information that is disclosed during a deposition;

c. Such other person as this court may designate after notice and an opportunity to be heard.

**3.  Designation Criteria**

a. Nonclassified Information. Classified Information shall not include information that either:

i. is in the public domain at the time of disclosure, as evidenced by a written document;

ii. becomes part of the public domain through no fault of the recipient, as evidenced by a written document;

iii. the receiving party can show by written document was in its rightful and lawful possession at the time of disclosure; or

iv. lawfully comes into the recipient's possession subsequent to the time of disclosure from another source without restriction as to disclosure, provided such third party has the right to make the disclosure to the receiving party.

b. Classified Information. A party shall designate as Classified Information only such information that the party in good faith believes in fact is confidential. Information that is generally available to the public, such as public filings, catalogues, advertising materials, and the like, shall not be designated as

CHRISTIE, PARKER & HALE, LLP

Classified.

Information and documents that may be designated as Classified Information include, but are not limited to, trade secrets, confidential or proprietary financial information, operational data, business plans, and competitive analyses, personnel files, personal information that is protected by law, and other sensitive information that, if not restricted as set forth in this order, may subject the producing or disclosing person to competitive or financial injury or potential legal liability to third parties.

Correspondence and other communications between the parties or with nonparties may be designated as Classified Information if the communication was made with the understanding or reasonable expectation that the information would not become generally available to the public.

c.      Attorneys Eyes Only. The designation "Attorneys Eyes Only" shall be reserved for information that is believed to be unknown to the opposing party or parties, or any of the employees of a corporate party. For purposes of this order, so designated information includes, but is not limited to, product formula information, design information, non-public financial information, pricing information, customer identification data, and certain study methodologies.

d.      Ultrasensitive Information. At this point, the parties do not anticipate the need for higher levels of confidentiality as to ultrasensitive documents or information. However, in the event that a court orders that ultrasensitive documents or information be produced, the parties will negotiate and ask the court to enter an ultrasensitive information protocol in advance of production to further protect such information.

**4.      Use of Classified Information**

All Classified Information provided by any party or nonparty in the course of this litigation shall be used solely for the purpose of preparation, trial, and appeal of this litigation and for no other purpose, and shall not be disclosed

-6-

except in accordance with the terms hereof.

## 5.   Marking of Documents

Documents provided in this litigation may be designated by the producing person or by any party as Classified Information by marking each page of the documents so designated with a stamp indicating that the information is "Confidential" or "Attorneys Eyes Only." In lieu of marking the original of a document, if the original is not provided, the designating party may mark the copies that are provided. Originals shall be preserved for inspection.

## 6.   Disclosure at Depositions

Information disclosed at (a) the deposition of a party or one of its present or former officers, directors, employees, agents, consultants, representatives, or independent experts retained by counsel for the purpose of this litigation, or (b) the deposition of a nonparty may be designated by any party as Classified Information by indicating on the record at the deposition that the testimony is "Confidential" or "Attorneys Eyes Only" and is subject to the provisions of this Order.

Any party also may designate information disclosed at a deposition as Classified Information by notifying all parties in writing not later than 30 days of receipt of the transcript of the specific pages and lines of the transcript that should be treated as Classified Information thereafter. Each party shall attach a copy of each such written notice to the face of the transcript and each copy thereof in that party's possession, custody, or control. All deposition transcripts shall be treated as Attorneys Eyes Only for a period of 30 days after initial receipt of the transcript.

To the extent possible, the court reporter shall segregate into separate transcripts information designated as Classified Information with blank, consecutively numbered pages being provided in a nondesignated main transcript. The separate transcript containing Classified Information shall have page

numbers that correspond to the blank pages in the main transcript.

Counsel for a party or a nonparty witness shall have the right to exclude from depositions any person who is not authorized to receive Classified Information pursuant to this Protective Order, but such right of exclusion shall be applicable only during periods of examination or testimony during which Classified Information is being used or discussed.

### 7.    Disclosure to Qualified Persons

a.    To Whom. Classified Information shall not be disclosed or made available by the receiving party to persons other than Qualified Persons except as necessary to comply with applicable law or the valid order of a court of competent jurisdiction; provided, however, that in the event of a disclosure compelled by law or court order, the receiving party will so notify the producing party as promptly as practicable (if at all possible, prior to making such disclosure) so that the designating party may seek a protective order or confidential treatment of such information if desired. If the designating party timely seeks a protective order, the party served with the court order shall not produce any Classified Information before a determination by the court from which the order issued, unless the party has obtained the designating party's permission.  The designating party shall bear the burden and expense of seeking protection of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court.  Information designated as Attorneys Eyes Only shall be restricted in circulation to Qualified Persons described in subparagraph 2(a).

b.    Retention of Copies During this Litigation. Copies of Attorneys Eyes Only information shall be maintained only in the offices of outside counsel for the receiving party and, to the extent supplied to experts described in subparagraph 2(a)(ii), in the offices of those experts. Any documents

CHRISTIE, PARKER & HALE, LLP

1   produced in this litigation, regardless of classification, that are provided to

2   Qualified Persons shall be maintained only at the office of such Qualified Person

3   and only necessary working copies of any such documents shall be made. Copies

4   of documents and exhibits containing Classified Information may be prepared by

5   independent copy services, printers, or illustrators for the purpose of this

6   litigation.

7            **8.      Unintentional Disclosures**

8            Documents unintentionally, mistakenly, accidentally, or inadvertently

9   produced without designation as Classified Information later may be designated

10  and shall be treated as Classified Information from the date written notice of the

11  designation is provided to the receiving party.

12           If a receiving party learns of any unauthorized disclosure of Confidential

13  information or Attorneys Eyes Only information, the party shall immediately

14  upon learning of such disclosure inform the producing party of all pertinent facts

15  relating to such disclosure and shall make all reasonable efforts to prevent

16  disclosure by each unauthorized person who received such information.

17           In addition, and in accordance with Fed. R. Civ. P. 26(b)(5) and Fed. R.

18  Evid. 502, the parties agree that if attorney-client privileged or attorney work

19  product materials are unintentionally, mistakenly, accidentally, or inadvertently

20  produced, the producing party may give written notice to the receiving party that

21  the document or thing is subject to a claim of attorney-client privilege or attorney

22  work product and request that the document or thing be returned to the producing

23  party and that any and all copies be destroyed.  The receiving party shall return

24  such document or thing to the producing party and destroy any and all copies of

25  such document or thing.  Return of the document or thing shall not constitute an

26  admission or concession, or permit any inference, that the returned document or

27  thing is, in fact, properly subject to a claim of attorney-client privilege or attorney

28  work product, nor shall it foreclose any party from moving the Court pursuant to

Fed. R. Civ. P. 26(b)(5) and Fed. R. Evid. 502 for an Order that such document or thing has been improperly designated or should be produced.

**9.    Disclosure of Non-Party Confidential Information**

In the event a party is required, by a valid discovery request, to produce a non-party's confidential information, and the party is subject to an agreement with the non-party not to produce the non-party's confidential information, then the party shall: (a) promptly notify in writing the requesting party and the non-party that some or all of the information requested is subject to a confidentiality agreement with a non-party; (b) promptly provide the non-party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and (c) make the information requested available for inspection by the non-party.

If the non-party fails to object or seek a protective order from this court within 10 business days of receiving the notice and accompanying information, the receiving party may produce the non-party's confidential information responsive to the discovery request.  If the non-party timely seeks a protective order, the receiving party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the non-party before a determination by the court.  Absent a court order to the contrary, the non-party shall bear the burden and expense of seeking protection in this court of its confidential information.

**10.    Documents Produced for Inspection Prior to Designation**

In the event documents are produced for inspection prior to designation, the documents shall be treated as Attorneys Eyes Only during inspection. At the time of copying for the receiving parties, Classified Information shall be marked prominently "Confidential" or "Attorneys Eyes Only" by the producing party.

**11.    Consent to Disclosure and Use in Examination**

Nothing in this order shall prevent disclosure beyond the terms of this order

-10-

if each party designating the information as Classified Information consents to such disclosure or if the court, after notice to all affected parties and nonparties, orders such disclosure. Nor shall anything in this order prevent any counsel of record from utilizing Classified Information in the examination or cross-examination of any person who is indicated on the document as being an author, source, or recipient of the Classified Information, irrespective of which party produced such information.

        **12.    Challenging the Designation**

        a.    Classified Information. A party shall not be obligated to challenge the propriety of a designation of Classified Information at the time such designation is made, and a failure to do so shall not preclude a subsequent challenge to the designation. In the event that any party to this litigation disagrees at any stage of these proceedings with the designation of any information as Classified Information, the parties shall first try to resolve the dispute in good faith on an informal basis, such as by production of redacted copies. If the dispute cannot be resolved, the objecting party may invoke this Protective Order by objecting in writing to the party who designated the document or information as Classified Information. The designating party shall then have 14 days to move the court for an order preserving the designated status of the disputed information. The disputed information shall remain Classified Information unless and until the court orders otherwise. Failure to move for an order shall constitute a termination of the status of such item as Classified Information.

        b.    Qualified Persons. In the event that any party in good faith disagrees with the designation of a person as a Qualified Person or the disclosure of particular Classified Information to such person, the parties shall first try to resolve the dispute in good faith on an informal basis. If the dispute cannot be resolved, the objecting party shall have 14 days from the date of the designation or, in the event particular Classified Information is requested subsequent to the

CHRISTIE, PARKER & HALE, LLP

designation of the Qualified Person, 14 days from service of the request, to move the court for an order denying the disposed person (a) status as a Qualified Person, or (b) access to particular Classified Information. The objecting person shall have the burden of demonstrating that disclosure to the disputed person would expose the objecting party to the risk of serious harm. Upon the timely filing of such a motion, no disclosure of Classified Information shall be made to the disputed person unless and until the court enters an order preserving the designation.

### 13.    Manner of Use in Proceedings

In the event a party wishes to use any Classified Information in affidavits, declarations, briefs, memoranda of law, or other papers filed in this litigation, the party shall do one of the following: (1) with the consent of the producing party, file only a redacted copy of the information; (2) where appropriate (e.g., in connection with discovery and evidentiary motions) provide the information solely for in camera review; or (3) file such information under seal with the court consistent with the sealing requirements of the court.

### 14.    Filing Under Seal

The clerk of this court is directed to maintain under seal all documents, transcripts of deposition testimony, answers to interrogatories, admissions, and other papers filed under seal in this litigation that have been designated, in whole or in part, as Classified Information by any party to this litigation consistent with the sealing requirements of the court. *See Local Rule 79-5*.

### 15.    Return of Documents

Not later than 120 days after conclusion of this litigation and any appeal related to it, any Classified Information, all reproductions of such information, and any notes, summaries, or descriptions of such information in the possession of any of the persons specified in paragraph 2 (except subparagraph 2(a)(iii)) shall be returned to the producing party or destroyed, except as this court may

CHRISTIE, PARKER & HALE, LLP

otherwise order or to the extent such information has been used as evidence at any trial or hearing. Notwithstanding this obligation to return or destroy information, counsel may retain attorney work product, including document indices, so long as that work product does not duplicate verbatim substantial portions of the text of any Classified Information.

### 16.    Ongoing Obligations

Insofar as the provisions of this Protective Order, or any other protective orders entered in this litigation, restrict the communication and use of the information protected by it, such provisions shall continue to be binding after the conclusion of this litigation, except that (a) there shall be no restriction on documents that are used as exhibits in open court unless such exhibits were filed under seal, and (b) a party may seek the written permission of the producing party or order of the court with respect to dissolution or modification of this, or any other, protective order.

### 17.    Advice to Clients

This order shall not bar any attorney in the course of rendering advice to such attorney's client with respect to this litigation from conveying to any party client the attorney's evaluation in a general way of Classified Information produced or exchanged under the terms of this order; provided, however, that in rendering such advice and otherwise communicating with the client, the attorney shall not disclose the specific contents of any Classified Information produced by another party if such disclosure would be contrary to the terms of this Protective Order.

### 18.    Duty to Ensure Compliance

Any party designating any person as a Qualified Person shall have the duty to reasonably ensure that such person observes the terms of this Protective Order and shall be responsible upon breach of such duty for the failure of such person to observe the terms of this Protective Order.

CHRISTIE, PARKER & HALE, LLP

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### 19.    Waiver

Pursuant to Federal Rule of Evidence 502, neither the attorney-client privilege nor work product protection is waived by disclosure connected with this litigation.

CHRISTIE, PARKER & HALE, LLP

**20.     Modification and Exceptions**

The parties may, by stipulation, provide for exceptions to this order and any party may seek an order of this court modifying this Protective Order.


Respectfully submitted,

DATED:  December 10, 2014          CHRISTIE, PARKER & HALE, LLP


By   /s/ Katherine L. Quigley
          Katherine L. Quigley

Attorneys for Plaintiff,
Merit Healthcare International, Inc.,
dba Merit Pharmaceutical

DATED:  December 10, 2014          WORKMAN | NYDEGGER


By   /s/ Brent P. Lorimer
          Brent P. Lorimer

Attorneys for Defendant,
Merit Medical Systems, Inc.

**IT IS SO ORDERED.**


DATED:  December 10, 2014

_____
Stephen J. Hillman
United States Magistrate Judge

CHRISTIE, PARKER & HALE, LLP